IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMBER JACKSON,                                                        PLAINTIFF

vs.                                        Civil No. 4:25-cv-04069

FRANK BISIGNANO,                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Amber Jackson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 6.)  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.  Background

Plaintiff filed her disability application on October 28, 2021.  (Tr. 94.)[1]  In this application, Plaintiff alleged being disabled due to brain injury, memory loss, fibromyalgia, degenerative bone and joint disease, manic depression with psychotic issues, bipolar, paranoid schizophrenia, HBP,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7.  These references are to the page number of the transcript itself not the ECF page number.

1

diabetes, PTSD, and panic disorder. (Tr. 314.) Plaintiff alleged an onset date of October 1, 2021. (Tr. 94.) Plaintiff's application was denied initially on January 10, 2023, and again upon reconsideration on November 27, 2023. *Id*.

Plaintiff requested an administrative hearing on her denied application, and this request was granted. (Tr. 94.) An Administrative Law Judge ("ALJ") conducted the hearing on June 6, 2024. (Tr. 143-166.) At this hearing, Plaintiff was present and represented by Greg Giles. *Id*. Plaintiff and Vocational Expert ("VE"), Karyl Kuuttila, both testified at the hearing. *Id*.

On August 29, 2024, the ALJ entered an unfavorable decision. (Tr. 94-105.) In this decision, the ALJ determined Plaintiff has not engaged in substantial gainful activity since October 28, 2021. (Tr. 96, Finding 1.) Additionally, the ALJ determined Plaintiff has the severe impairments of major depressive disorder with psychosis, fibromyalgia, diabetes mellitus, osteoarthritis of the right ankle, obesity, and epilepsy. (Tr. 96, Finding 2.) Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 97, Finding 3.)

The ALJ then determined Plaintiff has the Residual Functional Capacity ("RFC") to perform less than light work. (Tr. 99, Finding 4.) Specifically, the ALJ found the Plaintiff can

> lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand and/or walk and sit for 6 hours each in an 8-hour workday. [Plaintiff] cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. [Plaintiff] can frequently stoop and occasionally balance, kneel, crouch, and crawl. [Plaintiff] must avoid all exposure to workplace hazards such as unprotected heights and moving mechanical parts. [Plaintiff] can understand, remember, and carry out simple instructions but not at a specific production rate such as on an assembly line. [Plaintiff] cannot tolerate any interaction with the public but can tolerate occasional interaction with co-workers and supervisors. [Plaintiff] can tolerate occasional changes in a routine environment.

*Id.* The ALJ also determined Plaintiff has no Past Relevant Work ("PRW"). (Tr. 103, Finding 5.) Accordingly, the ALJ determined transferability of job skills is not an issue because Plaintiff does not have any PRW. (Tr. 103, Finding 8.)

The ALJ further determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a Price Marker with approximately 129,000 positions in the national economy, a Garment Packager with approximately 65,000 positions in the national economy, and a Mailroom Clerk with approximately 100,000 positions in the national economy. Based upon these findings, the ALJ determined Plaintiff had not been disabled under the act since the application was filed on October 28, 2021. (Tr. 104, Finding 10.)

On August 19, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal briefs. (ECF Nos. 11, 13.) This case is now ready for decision.

## 2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. <u>Discussion</u>

In her appeal brief, Plaintiff raised the following arguments for reversal: (1) the ALJ's mental assessment was not supported by substantial evidence and (2) the ALJ failed to consider Plaintiff's need to take frequent breaks. (ECF No. 11.) In response, Defendant argues the ALJ properly evaluated medical evidence and did not err in any of his findings. (ECF No. 13.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Although Plaintiff claims the ALJ's mental assessment is not supported by substantial evidence, after thoroughly reviewing the record, the ALJ based his decision surrounding Plaintiff's mental abilities based on medical opinions from the medical records from Levi Hospital,

Southwest AR Counseling & Mental Health Center, Howard Memorial Hospital, Dr. Randy D. Walker, M.D., and CE Psychology. (Tr. 533-534; 545-548; 558; 720-748; 752-753; 848; and 868-874.)

"To meet a listing, a claimant must show that he or she meets all of the criteria for the listed impairment." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). Plaintiff claims the ALJ improperly found her impairments did not meet the requirements of Listing 12.04 and failed to assess Listings 12.02, 12.06, 12.07, 12.08, and 12.15. ECF No. 11 at 3-12. The "paragraph B" criteria of these Listings require a demonstration of an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentration, persistence, or maintaining peace; and (4) adapting or managing oneself.

Here, the ALJ specifically found Plaintiff's mental impairments did not meet Listing 12.04 because Plaintiff only had moderate limitations in all of these areas of functioning. (Tr. 97-98). Upon review, the Court finds no basis for reversal on this issue. The ALJ discussed at length his findings in support by discussing Plaintiff's relevant medical history, functioning, and testimony. *Id.* In all four domains, the ALJ acknowledged Plaintiff had some level of impairment, but not ever greater than a moderate limitation.

Although Plaintiff argues the ALJ failed to properly assess the paragraph B criteria of Listings 12.02, 12.06, 12.07, 12.08, and 12.15, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of

Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

While the ALJ did not analyze these Listings specifically, he analyzed the paragraph B criteria of Listing 12.04 which is the same criteria for these other Listings.  As previously mentioned, the ALJ found Plaintiff only had moderate limitations in each of the areas of functioning.  The ALJ's finding that the paragraph B criteria under Listing 12.04 was supported by substantial evidence and therefore further analysis is unnecessary of any Listings that require a finding of paragraph B to be met, including Listings 12.02, 12.06, 12.07, 12.08, and 12.15.  Each of those listings utilize the same paragraph B as Listing 12.04, so any error would be harmless.

Plaintiff also claims the ALJ failed to consider Plaintiff's need to take frequent breaks.  This claim was based upon a medical source statement completed by nurse practitioner Alexandra Davis.  (Tr. 905-908).  Nurse Davis stated Plaintiff would need more than normal break times throughout the workday.  (Tr. 905).  The ALJ discussed this opinion and found it unpersuasive. (Tr. 102).  The ALJ properly found Nurse Davis's medical source statement was not supported by any clinical, diagnostic or laboratory findings.  *Id.*  The ALJ also found this opinion inconsistent with her treatment notes as treatment notes did not indicate Plaintiff would need to take more breaks than normal.  *Id*.

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court holds Plaintiff's arguments on appeal to be without merit and concludes the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.  <u>Conclusion</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and is **AFFIRMED.**  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of April 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE